DOCKET NO. 602

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ALLEGED FOOD POISONING INCIDENTS ON BRITISH AIRWAYS IN MARCH, 1984

SEP -5 1984

TRANSFER ORDER

This litigation presently consists of two actions pending in two federal districts: one action each in the District of the District of Columbia and the Southern District of New York. Before the Panel is a motion by British Airways, Inc. (British Airways), the sole defendant in both actions, to transfer, pursuant to 28 U.S.C. §1407, the District of Columbia action to the Southern District of New York for coordinated or consolidated pretrial proceedings with the action pending there.[1]/ The plaintiff in the District of Columbia action agrees that the actions should be centralized for pretrial proceedings; however, he urges that the District of the District of Columbia be selected as the transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions arise from alleged incidents of salmonella food poisoning aboard various British Airways' flights from London to the United States between March 12 and March 14, 1984. Transfer under Section 1407 is desirable in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Although either of the suggested districts could be described as an appropriate transferee forum for this litigation, we are persuaded that the Southern District of New York is preferable. We note that 1) British Airways' North American headquarters are situated in New York City; 2) any claims by United States citizens arising from the alleged food poisoning have been processed by British Airways there; and 3) British Airways' witnesses and documentary evidence are located in either New York City or London, England.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the District of the District of Columbia be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Whitman Knapp for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

_____

1/ The Panel was notified of two additional actions which were recently filed in the District of the District of Columbia and the Central District of California. Defendant's request to include these two actions in its motion to transfer was filed too late to be included in the hearing in this docket. These two actions and any additional actions will be treated as potential tag-along actions. Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

SCHEDULE A

MDL-602 -- IN RE ALLEGED FOOD POISONING INCIDENTS ON BRITISH AIRWAYS IN MARCH, 1984

District of the District of Columbia

Dr. Abdulrahman Al-Zamil v. British Airways, Inc., C.A. No. 84-1477

Southern District of New York

Melissa Sutherland, a/k/a Mary Elizabeth Sutherland v. British Airways, C.A. No. 84-Civ-3561